UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD LEE SIMKINS, III,

    Plaintiff,                                    Case No. 3:18-cv-309

vs.

GRANDVIEW HOSPITAL, *et al*.,        District Judge Walter H. Rice
                                                              Magistrate Judge Michael J. Newman
    Defendants.

## REPORT AND RECOMMENDATION[1] THAT *PRO SE* PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (DOC. 113) BE DENIED

This civil case is before the Court on *pro se* Plaintiff's motion for a temporary restraining order ("TRO"). Doc. 113. Finding that *pro se* Plaintiff has failed to meet his burden of showing that issuance of a TRO is appropriate, the undersigned **RECOMMENDS** that *pro se* Plaintiff's motion be **DENIED**.

This case arises from events occurring after an alleged motorcycle crash and Plaintiff's subsequent hospitalization in September, 2017. Doc. 2 at PageID 181-98. Plaintiff filed his *pro se* complaint in this case on September 14, 2018 asserting, *inter alia*, civil rights claims against numerous named Defendants under 42 U.S.C. § 1983. Doc. 2. Plaintiff's claims arise from alleged conduct occurring after his involvement in a motorcycle accident on September 13, 2017. *Id*. Since the filing of his complaint, numerous motions to dismiss have been filed by the Defendants named therein and, as a result, Plaintiff has sought to amend his original pleading twice. Docs. 39, 87. Given the convoluted presentation of the allegations asserted in the original complaint, as

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

well as Plaintiff's proposed amendments, and the sheer number of Defendants moving for dismissal, no Order has yet issued regarding the merits of Defendants' motions or Plaintiff's requests to amend.

Plaintiff has sought leave to amend his complaint to include Joshua Spears as a named Defendant, doc. 87, and Spears has since requested and received a Civil Stalking Protection Order ("CSPO") against Plaintiff in the Greene County Court of Common Pleas. *See* doc. 113-2 at PageID 992-94. A full hearing on that CSPO was to be held on April 1, 2019 at the Greene County Domestic Relations Court. *See id*. at PageID 995. The results of that hearing are unknown to this Court. Plaintiff has now moved this Court for issuance of a Temporary Restraining Order enjoining Spears and the Greene County Common Pleas Court from continuing its proceedings on Spears' CSPO. *See* doc. 113. In support of his motion, Plaintiff presents only copies of the CSPO and Spears' application in that regard. *See* doc. 113-2. Plaintiff presents no other evidence in support of his motion. *Id*.

The Court, in the interest of justice, has carefully considered and liberally construed Plaintiff's motion, the allegations in his complaint, and the attachments appended thereto in deciding his motion. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Finding no evidentiary hearing required, *see Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 552 (6th Cir. 2007) (stating that "a hearing is only required when there are disputed factual issues, and not when the issues are primarily questions of law"), Plaintiff's motion is ripe for decision.

"A [TRO] is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "The purpose of a preliminary injunction is simply to preserve the status quo[,]" *United States v. Edward Rose & Sons*, 384 F.3d

258, 261 (6th Cir. 2004), *i.e.*, "to preserve the parties' relative positions in order to prevent irreparable injury prior to trial." *Montgomery v. Carr*, 848 F. Supp. 770, 779 (S.D. Ohio 1993).

In deciding whether a TRO should issue, four factors must be examined: "(1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction." *Overstreet*, 305 F.3d at 573. "These factors are not prerequisites, but are factors that are to be balanced against each other." *Id.*; *but cf. Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982) (stating that "[d]espite the overall flexibility of the test for preliminary injunctive relief, and the discretion vested in the district court, equity has traditionally required . . . irreparable harm before an interlocutory injunction may be issued").

Here, *pro se* Plaintiff's request for a TRO against the Greene County Court of Common Pleas is barred by the Anti-Injunction Act, 28 U.S.C. § 2283, which establishes "an absolute prohibition against enjoining state court proceedings, unless the injunction falls within three specifically defined exceptions." *Martingale LLC v. City of Louisville*, 361 F.3d 297, 302 (6th Cir. 2004). A district court may enjoin state court proceedings only: "(1) where Congress expressly authorizes, (2) where necessary in aid of the court's jurisdiction, and (3) where necessary to protect or effectuate the court's judgments." *Id.* None of these exceptions are apply here.

First, Plaintiff does not assert that Congress has explicitly authorized a district court to issue an injunction in a CSPO proceeding. Nor is this Court aware of any such authorization. Second, the "necessary in aid of jurisdiction" exception typically applies only in two scenarios: "(1) where the case is removed from the state court; and (2) where the federal court acquires in

rem or quasi in rem jurisdiction over a case involving real property before the state court does."[2] *Id*. This case was not removed from state court and it does not involve real property. Finally, the third exception, also known as the "relitigation exception" is grounded in principles of collateral estoppel and *res judicata*. *Id*. "The essential prerequisite for applying the relitigation exception is that the claims or issues which the federal injunction insulates from litigation in state proceedings actually have been decided by the federal court." *Huguley v. General Motors Corp.*, 999 F.2d 142, 145 (6th Cir. 1993) (internal citations omitted). As this Court has not yet issued any decisions on Plaintiff's claims or issues, the final exception to the Anti-Injunction Act is also inapt.

Even assuming, *arguendo*, that Plaintiff's TRO falls within an exception to the Anti-Injunction Act, his motion should nevertheless fail. Plaintiff did not satisfy his burden of proving that he would suffer irreparable harm if the injunction is not granted. *See Friendship Materials, Inc.*, 679 F.2d at 102-03 (stating that, at least where a constitutional violation is not at issue, "this court has never held that a preliminary injunction may be granted without any showing that the plaintiff would suffer irreparable injury without such relief"). Indeed, Plaintiff failed to proffer that he would suffer any irreparable harm beyond the conclusory assertion that without the TRO, "[t]here is a substantial likelihood that the Plaintiff would be prejudiced." PageID 987; *Sampson v. Murray*, 415 U.S. 61, 88 (1974) (Supreme Court reversing a granting of a preliminary injunction

---

[2] This exception has been expanded to include certain other cases where a state court proceeding "may seriously impair the federal court's flexibility and authority to decide the case." *Atlantic Coastline R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970). However, "[i]t is not enough that the requested injunction is related to that jurisdiction, but it must be necessary in aid of that jurisdiction." *In re Glenn Turner*, 521 F.2d 775, 780 (3d Cir. 1975) (internal quotations omitted); *AK Steel Corp. v. Chamberlain*, 974 F. Supp. 1120, 1123 (S.D. Ohio Aug. 21, 1997). For example, this exception has been expanded to include certain complex class litigation that has settled or is on the verge of settlement, which is "analogous to . . . an *in rem* action . . . where it is intolerable to have conflicting orders from different courts." *Lorillard Tobacco Co. v. Chester, Willcox & Saxbe*, 589 F.3d 835, 848 (6th Cir. 2009). The instant case does not involve such complexities and is not on the verge of settlement. Importantly, it is unclear how the granting of Mr. Spear's Order of Protection would impede on this Court's ability to rule on Plaintiff's claim. First, Mr. Spears is not, at present, a named defendant in the action. Second, if Mr. Spears's protection order is granted and if this Court grants Plaintiff's motion to amend his complaint, he has sufficient recourse through state proceedings, as he may file objections to the CSPO per Ohio Rule of Civil Procedure 65.1(F)(3)(d).

after Plaintiff failed to make a showing of irreparable harm). However, because Mr. Spears is not, at this time, a named defendant to this present action, any injury resulting from the protection order is speculative at best. Moreover, because Ohio Rule of Civil Procedure 65.1(F)(3)(d) provides recourse, his injury is also reparable in state court through an objection to Mr. Spears's protection order. *See supra* note 2; Ohio R. Civ. Pro. 65.1(F)(3)(d); *Harris v. United States*, 745 F.2d 535, 536 (8th Cir. 1984) (holding that "the absence of a showing of irreparable harm is, in itself, sufficient grounds upon which to deny a preliminary injunction"); *see also Enable Healthcare, Inc. v. Cleveland Quality Healthnet, LLC*, No. 1:16 CV 2395, 2016 WL 6581813, at *4 (N.D. Ohio Nov. 7, 2016) (addressing only "the irreparable harm factor because plaintiff has failed to show that it will suffer any irreparable injury if the Court denies its motion").

In light of the foregoing, the undersigned **RECOMMENDS** that *pro se* Plaintiff's motion (doc. 113) be **DENIED**.

Date:   April 3, 2019                              s/ Michael J. Newman
                                                               Michael J. Newman
                                                               United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).