UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD LEE SIMPKINS, III,

    Plaintiff,

vs.

GRANDVIEW HOSPITAL, *et al.*,

    Defendants.

Case No. 3:18-cv-309

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

___

**ORDER AND ENTRY: (1) DENYING PLAINTIFF'S MOTION TO RECEIVE ELECTRONIC SERVICE (DOC. 40); (2) TERMINATING DOCS. 64 AND 90 ON THE COURT'S DOCKET; (3) STRIKING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AGAINST DEFENDANT NEUROSURGICAL CARE, INC. (DOC. 63); (4) GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE AN AMENDED ANSWER *INSTANTER* (DOC. 91); (5) GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY (DOC. 94); (6) STAYING DISCOVERY PENDING A DECISION ON THE PARTIES' OBJECTIONS TO THE UNDERSIGNED'S REPORT AND RECOMMENDATION; (7) STRIKING THE SUMMONS RETURNED EXECUTED AS TO MATTHEW CARPENTER (DOC. 80); AND (8) DIRECTING PLAINTIFF TO SHOW CAUSE AS TO WHY HIS CLAIMS AGAINST MATTHEW CARPENTER SHOULD NOT BE DISMISSED UNDER RULE 4(M)**

___

    This civil case is before the Court on a number of motions, which the Court will address in turn as follows:

1)   *Pro se* Plaintiff seeks leave to receive service of by email through the Court's CM/ECF filing system. Doc. 40. In light of the logistical considerations involved, the undersigned prefers that *pro se* Plaintiff receive service via regular mail as contemplated by the Civil Rules. Accordingly, Plaintiff's motion (doc. 40) is **DENIED**;

2)   *Pro se* Plaintiff also moves for a default judgment against Defendant Neurosurgical Care, Inc. Doc. 63. The undersigned **STRIKES** Plaintiff's motion **WITHOUT PREJUDICE** against Neurosurgical Care (doc. 63) because Plaintiff failed to sign the motion as required by Fed. R. Civ. P. 11(a);

3) *Pro se* Plaintiff also moves for a default judgment with regard to Defendant Matthew Carpenter. Doc. 64. However, Plaintiff concedes that the Matthew Carpenter served is not the Matthew Carpenter named in his pleading. Doc. 99. As a result, the Matthew Carpenter who was erroneously served moved to dismiss himself as party to this action. Doc. 90. Plaintiff, acknowledging that the wrong Matthew Carpenter was served, does not oppose the motion to dismiss. Doc. 99. As a result, the undersigned: (1) deems Plaintiff's motion for a default judgment against Defendant Carpenter **WITHDRAWN**, and **ORDERS** that such motion (doc. 64) be **TERMINATED** on the Court's docket; (2) **STRIKES** the summons returned executed as to Matthew Carpenter (doc. 80); (3) **ORDERS** that the Matthew Carpenter served at 5901 Cindy Drive, Dayton, Ohio 45449 is not a party to this case; and (4) **TERMINATES** the motion filed by the erroneously served Matthew Carpenter (doc. 90) as **MOOT**;

4) It appearing that the Matthew Carpenter named as a party in this case has not been served (doc. 117), and that the time for doing so under Fed. R. Civ. P. 4(m) has expired, *pro se* Plaintiff is **ORDERED TO SHOW CAUSE**, in writing and within **14 days**, as to why claims his claims against Matthew Carpenter should not be dismissed under Rule 4(m).

5) Defendants Christopher McIntosh, Patience Lesueur and Bobcat Emergency Physicians, LLC move for leave to file their first amended answer *instanter* and to stay discovery. Docs. 91, 94. For good cause shown, Defendants' motions (docs. 91, 94) are **GRANTED**. Defendants' amended answer is deemed filed as of December 27, 2018 (doc. 92). Discovery in this case is **STAYED** pending a ruling on objections to the undersigned's Report and Recommendation (doc. 118).

**IT IS SO ORDERED.**

Date: July 15, 2019                     s/ Michael J. Newman
                                        Michael J. Newman
                                        United States Magistrate Judge