IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD LEE SIMPKINS, III,      :

    Plaintiff,

    v.                               :

GRANDVIEW HOSPITAL, *et al.*,

    Defendants.                      :

Case No. 3:18-cv-309

JUDGE WALTER H. RICE

---

DECISION AND ENTRY **ADOPTING IN PART AND REJECTING IN PART**
UNITED STATES MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS (DOC. #118); **SUSTAINING IN PART AND
OVERRULING IN PART** THE PARTIES' OBJECTIONS THERETO (DOCS.
##121, 122, 124); **SUSTAINING** DEFENDANT DR. CHRISTOPHER
MCINTOSH'S MOTION FOR LEAVE TO FILE OBJECTIONS TO THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC.
#131); **SUSTAINING** DEFENDANTS' RULE 12 MOTIONS (DOCS. ##17,
35, 51, 66, 68); **SUSTAINING IN PART AND OVERRULING IN PART**
RULE 12 MOTIONS (DOCS. ##30, 36, 61); **OVERRULING AS MOOT**
MOTION TO DISMISS OF DEFENDANT MONTGOMERY SHERIFF'S
OFFICE SERGEANT BRIAN LEWIS TO PLAINTIFF'S AMENDED
COMPLAINT (DOC. #56) AND PLAINTIFF'S MOTIONS TO STRIKE
(DOCS. ##43, 58); **OVERRULING** PLAINTIFFS' MOTIONS TO STRIKE
(DOCS. ##42, 57)

---

This matter is currently before the Court on several Objections, Docs.

##121, 122, 124, to the Report and Recommendations of United States

Magistrate Judge Michael J. Newman, Doc. #118. That Report and

Recommendations concerned Rule 12 motions filed by numerous Defendants.[1]

Also before the Court are several Motions to Strike filed by Plaintiff. Docs. ##42, 43, 57, 58.

## I.

In 2017, *pro se* Plaintiff Richard Simkins III was injured in a motorcycle accident. This case arises out of his interactions with first responders and numerous medical personnel following that accident. He has asserted claims under 42 U.S.C. §§ 1985 and 1983. He also has asserted numerous state law claims, including medical claims, claims of assault and battery and intentional infliction of emotional distress. In all, Plaintiff sued nearly sixty defendants.

The following Defendants have moved to dismiss Plaintiff's claims against them:

- City of Dayton, Chief Richard Biehl, Officer Andrew Lane, Joseph S. Wiley and Craig C. Wolfe (Doc. #17);
- Grandview Hospital, Kettering Health Network ("KHN"), Duane Achtermaun, Amy Alexander, Clinton Ball, Andrew Brochu, Susan Bullard, Laura Campbell, L. Kathryn Campbell, Elizabeth Coriell, Loredel Corneja, Liz Conell, Lindsey Dye, Lindsey Elliott, Archie Enoch, Sidarth Goyal, Nicole Farrow, Geoffrey Hahm, Nancy Henne, Grant Huish, David

---

[1] Four other motions remain pending, including: (1) Adan Fuentes and Stephanie Horne's Motion to Dismiss (Doc. #125); (2) Christopher McIntosh's Motion for Judgment on the Pleadings (Doc. #130); (3) Plaintiff's Motion to Request Service of Complaint (Doc. #133); and (4) Plaintiff's Motion for Default Judgment against Neurosurgical Care, Inc. (Doc. #142).

Jenkins, Rebecca Lewis, Michael McPheron, Mike McPheron, Enrique Medina, Jamie Peters, Michael Pillion, Shannon Ravine, Shelby Richardson, Jason Schofield, Michael Stafford, Curt Sulte, Nicole Van Horne, Jacinta Walker, and Erin Williams (collectively the "KHN Defendants") (Doc. #30);

- Dr. Ganesh Ghooray and Indiana Neuroscience Associates (Doc. #35);
- Sergeant Brian Lewis of the Montgomery County Sheriff's Office (Docs. ##36 and 56);
- Dr. Erich Muckala, Dr. Joseph Blake, Kettering Network Radiologists Inc., Dr. Geoffrey Hahm, Dr. Scott West and Jason Schofield, P.A. (Doc. #51);
- Dr. Christopher McIntosh, Dr. Patience Lesueur, and Bobcat Emergency Physicians, LLC (Doc. #61);
- Dr. Paul Levy (Doc. #66); and
- Dr. Robin Wright (Doc. #68)

On May 17, 2019, United States Magistrate Judge Michael J. Newman issued a Report and Recommendations, Doc. #118, recommending that the Court sustain in part and overrule in part Docs. ##17, 30, 36, 56, 61. He also recommended that the Court sustain in their entirety Docs. ##35, 51, 66, 68. More specifically, Magistrate Judge Newman recommended that:

- The Court dismiss all 42 U.S.C. § 1985 claims because Plaintiff failed to allege class-based discrimination;
- The Court dismiss the 42 U.S.C. § 1983 individual-capacity claims against all Defendants except Lewis, Wiley, Wolfe and Jenkins;
- The Court dismiss the § 1983 official-capacity claims against all Defendants because Plaintiff failed to allege a policy or custom;

3

- The Court overrule the motions to dismiss the state-law medical battery claims brought against Doctors McIntosh, Jenkins, Van Horne and Enoch, and against KHN and Grandview Hospital;
- The Court dismiss the assault and battery claims against all Defendants except Lewis, Wiley and Wolfe;
- The Court dismiss the intentional infliction of emotional distress claims against all Defendants except Lewis, Wiley, Wolfe and Jenkins; and
- The Court dismiss all claims in which Plaintiff seeks relief under Ohio's criminal statutes.

Magistrate Judge Newman noted that, for the vast majority of Defendants named in the Complaint, Plaintiff had failed to allege any specific facts that would give rise to a plausible cause of action against them. In the same judicial filing, Magistrate Judge Newman denied as futile Plaintiff's Second Motion for Leave to File an Amended Complaint, Doc. #87.

Several parties have filed Objections to the Report and Recommendations. Defendants KHN, Grandview Hospital, Dr. Archie D. Enoch, Dr. David Jenkins and Dr. Nicole K. Van Horne argue that Magistrate Judge Newman erred by declining to recommend dismissal of: (1) the "medical claims" directed at them; (2) the § 1983 claim against Dr. Jenkins; and (3) the intentional infliction of emotional distress claim against Dr. Jenkins. Doc. #121. In separately-filed Objections, Dr. Christopher McIntosh also argues that Magistrate Judge Newman erred by

declining to recommend dismissal of the "medical claims." Doc. #124.[2] Plaintiff Richard Simkins III, argues that Magistrate Judge Newman erred by recommending that the claims be dismissed with prejudice. Doc. #122.

Defendant Robin A. Wright, M.D., filed a Response to Plaintiff's Objections, Doc. #126. Her Response was joined by the KHN Defendants, Doc. #128. Plaintiff then filed a Reply, Doc. #134. Plaintiff also filed Responses to the Objections of KHN, Grandview Hospital, Enoch, Jenkins and Van Horne, Doc. #127, and to the Objections of Dr. McIntosh, Doc. #129.

## II.

When timely Objections to a Report and Recommendations on a dispositive motion are filed, the Court must review those Objections *de novo.* Fed. R. Civ. P. 72(b)(3). The Court will address the parties' Objections by topic.

## III.

Several of the Defendants moved to dismiss Plaintiff's medical claims because he failed to attach an affidavit of merit to his Complaint as required by Ohio Civil Rule 10(D)(2). That Rule provides as follows:

---

[2] The Court SUSTAINS Dr. McIntosh's unopposed Motion for Leave to File Objections to the Magistrate Judge's Report and Recommendations, Doc. #131. Said Objections were previously filed on the docket at #124, but were not filed within the time allotted. The Court finds that Dr. McIntosh has established good cause to consider the Objections.

(2) Affidavit of Merit; Medical, Dental, Optometric, and Chiropractic
Liability Claims.

(a) Except as provided in division (D)(2)(b) of this rule, a complaint
that contains a medical claim, dental claim, optometric claim, or
chiropractic claim, as defined in R.C. 2305.113, shall be accompanied
by one or more affidavits of merit relative to each defendant named in
the complaint for whom expert testimony is necessary to establish
liability. Affidavits of merit shall be provided by an expert witness
meeting the requirements of Evid.R. 702 and, if applicable, also
meeting the requirements of Evid.R. 601(D). Affidavits of merit shall
include all of the following:
> (i) A statement that the affiant has reviewed all medical records
> reasonably available to the plaintiff concerning the allegations
> contained in the complaint;
> (ii) A statement that the affiant is familiar with the applicable
> standard of care;
> (iii) The opinion of the affiant that the standard of care was
> breached by one or more of the defendants to the action and
> that the breach caused injury to the plaintiff.

Ohio Civ. R. 10(D)(2)(a).

Ohio Revised Code § 2305.113(E)(3) defines a "medical claim," in

relevant part, as follows:

(3) "Medical claim" means any claim that is asserted in any civil
action against a physician, podiatrist, hospital, home, or residential
facility, against any employee or agent of a physician, podiatrist,
hospital, home, or residential facility, or against a licensed practical
nurse, registered nurse, advanced practice registered nurse, physical
therapist, physician assistant, emergency medical technician-basic,
emergency medical technician-intermediate, or emergency medical
technician-paramedic, and that arises out of the medical diagnosis,
care, or treatment of any person. "Medical claim" includes the
following:
> (a) Derivative claims for relief that arise from the medical
> diagnosis, care, or treatment of a person; . . .

Ohio Rev. Code § 2305.113(E)(3). Expert testimony is typically required to prove

the elements of a claim of medical malpractice "where the factors involved are

beyond the common knowledge and understanding of the jury." *Campbell v. Ohio State Univ. Med. Ctr.*, No. 04AP-96, 2004 WL 2591238, at *2 (Franklin App. Nov. 16, 2004).

To the extent that Plaintiff alleged that he was treated without his consent, Magistrate Judge Newman construed Plaintiff's claims not as claims of medical negligence, but as claims of medical battery. Citing *Crissinger v. Christ Hospital*, 2017-Ohio-9256, 106 N.E. 3d 798, 804 (Ohio Ct. App. 2017), he acknowledged that claims of medical battery can constitute "medical claims" as defined in § 2305.113(E)(3). He noted, however, that medical battery claims do not require "the proving of a duty and a breach of that duty, but rather an intentional, unconsented-to touching." *Anderson v. St. Francis-St. George Hosp., Inc.*, 77 Ohio St. 3d 82, 84 (1996).

Magistrate Judge Newman therefore questioned whether expert testimony, in the form of an affidavit of merit, was "necessary to establish liability" for claims of medical battery. Doc. #118, PageID##1027-29. On this basis, he recommended that the Court overrule the Rule 12 motions filed by Defendants McIntosh, Jenkins, Van Horne and Enoch, and those of Grandview Hospital and Kettering Health Network, which could be held liable for medical battery on a *respondeat superior* basis.

These Defendants maintain that the Magistrate Judge erred in this recommendation. They argue that, if Plaintiff's allegations constitute "medical claims" under § 2305.113(E)(3), then an affidavit of merit is required by Ohio Civil

7

Rule 10(D)(2).  Defendants note, as did Magistrate Judge Newman, that claims of medical battery may be "medical claims" under § 2305.113 because they arise "out of the medical diagnosis, care, or treatment of any person."  *Crissinger*, 2017-Ohio-9256, at ¶19.  *Crissinger*, however, did not address the question of whether an affidavit of merit is required for a claim of medical battery.  Rather, the question was whether claims of medical battery constituted "medical claims" subject to the limitations period in the statute of repose.  *Id.*

Defendants note that Plaintiff does not specify whether his claims against the health care providers are claims of medical malpractice, medical negligence or medical battery. Defendants argue, however, that his claims clearly arise out of "medical diagnosis, care or treatment."  Plaintiff specifically cites to Ohio Revised Code § 2305.113 and complains about "diagnostic tests" and "treatments" that were forced upon him after he was "pink-slipped," *i.e.*, involuntarily admitted for treatment pursuant to Ohio Revised Code § 5122.10.

Defendants argue that even if his claims are construed as claims of medical battery, expert testimony will be required.  "Battery" is defined as "an intentional, unconsented-to touching."  *Anderson*, 77 Ohio St. 3d at 84.  Defendants argue that, given the fact that Plaintiff was "pink-slipped," expert testimony is needed to determine if he had the capacity to consent to medical treatment.  Expert testimony will also be needed to differentiate between injuries sustained in the motorcycle accident and those allegedly sustained at the hospital.

The Court OVERRULES Defendants' Objections. Plaintiff's claims against these health care providers arise out of the medical diagnosis, care, or treatment provided to him. They are, therefore, "medical claims" within the meaning of Ohio Rev. Code § 2305.113(E)(3). Nevertheless, affidavits of merit are required only for those medical claims where "expert testimony is necessary to establish liability." Ohio Civ. R. 10(D)(2)(a). The affidavit of merit must include an expert opinion "that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff." Ohio Civ. R. 10(D)(2)(iii).

Magistrate Judge Newman properly noted that claims of medical battery do not require "the proving of a duty and a breach of that duty, but rather an intentional, unconsented-to touching." *Anderson*, 77 Ohio St. 3d at 84. Plaintiff has adequately alleged such a claim. Magistrate Judge Newman acknowledged that Defendants would likely raise the arguments that Plaintiff was involuntarily admitted to the hospital, that Defendants acted during the scope of an emergency or that Plaintiff lacked the capacity to consent to treatment. However, he made no determination regarding the merits of these defenses. Doc. #118, PageID#1029 n.7.

Expert witness testimony may well be required to prove these *defenses* to a claim of medical battery. However, a plaintiff asserting a claim of medical battery need not submit an affidavit of merit from an expert witness opining that the plaintiff had the capacity to refuse medical treatment at the time in question.

9

Likewise, although expert testimony may be required to differentiate between injuries sustained in the motorcycle accident and those allegedly sustained at the hospital, this is an entirely separate inquiry from the question of whether any of the Defendants breached the relevant standard of care.

Accordingly, Plaintiff's failure to attach affidavits of merit to his Complaint does not bar his claims of medical battery against Doctors McIntosh, Jenkins, Van Horne or Enoch, or against Grandview Hospital and Kettering Health Network. Said claims survive the Rule 12 motions.

## IV.

Dr. Enoch argues that, even if no affidavit of merit was required, Plaintiff fails to allege facts supporting a plausible claim of medical battery against him. It appears that all of Plaintiff's interactions with Dr. Enoch took place after Plaintiff was released from the hospital. *See* Doc. #2, PageID#197 ("several of the doctors the plaintiff has seen *since the occurrence* have ties to the defendants and helped them continue the cover up, therefore they have willing[ly] become defendants themselves.") (emphasis added).

It does not appear that Plaintiff alleges that Dr. Enoch treated him without his consent. Plaintiff alleges that "Archie Enoch ignored several of the plaintiff's symptoms and attempted to [exasperate] his condition with additional drugs."). *Id.* at PageID#198. Dr. Enoch argues that these allegations are more properly construed as a claim of medical negligence for which an affidavit of merit would be

required. The Court agrees. Accordingly, the Court SUSTAINS Dr. Enoch's Objection and will dismiss all medical claims against Dr. Enoch without prejudice. *See Troyer v. Janis*, 132 Ohio St. 3d 229, 2012-Ohio-2406, at ¶17 (holding that dismissal of medical claim for failure to include an affidavit of merit is without prejudice); Ohio Civ. R. 10(D)(2)(d) ("Any dismissal for failure to comply with this rule shall operate as a failure otherwise than on the merits.").

## V.

The Court turns next to the Objections raised by Plaintiff. Doc. #122. He objects to Magistrate Judge Newman's recommendation that his claims against the vast majority of the Defendants be dismissed *with prejudice.* Magistrate Judge Newman found that Plaintiff had failed to allege sufficient facts to state plausible claims against Defendants who were mentioned only in the caption of the Complaint. He also denied Plaintiff's Second Motion for Leave to File an Amended Complaint, Doc. #87, as futile, because "he continues to not set forth allegations of specific conduct engaged in by dozens of the Defendants named therein to state plausible causes of action." Doc. #118, PageID#1031.

Plaintiff does not object to the dismissal of the claims against these Defendants; he argues only that said dismissals should be without prejudice. He wants to retain the right to "file an additional Amended Complaint and add additional Defendants or re-instate Defendants that have been dismissed should discovery of evidence of their actions warrant such cause, or to bring additional

11

lawsuits against these or other individuals in the future." Doc. #122, PageID#1066.

Dr. Wright and the KHN Defendants note, however, that Magistrate Judge Newman has already denied Plaintiff's Second Motion for Leave to File an Amended Complaint as futile. *See* Doc. #118, PageID#1031. Because it is clear that the alleged defects are not curable by amendment, Defendants argue that dismissal with prejudice is warranted.

In his Reply to these Objections, Doc. #134, Plaintiff notes that, under Ohio Civ. R. 10(D)(2)(d), dismissal of a medical claim for failure to comply with the rule requiring an affidavit of merit "shall operate as a failure otherwise than on the merits." In other words, a dismissal on this basis shall be without prejudice. This rule, however, is inapplicable here. Magistrate Judge Newman recommended dismissal of the claims against these particular Defendants not because Plaintiff failed to submit affidavits of merit in support of the claims, but rather because the allegations in the Complaint itself were insufficient to state any plausible cause of action against any of these Defendants. Most of these Defendants are not mentioned anywhere in the Complaint other than in the case caption. As Magistrate Judge Newman noted, the proposed Amended Complaint does not cure these deficiencies.

The Court nevertheless SUSTAINS Plaintiff's Objections to Magistrate Judge Newman's recommendation that the claims against these particular Defendants be dismissed with prejudice. Plaintiff suggests that discovery might uncover evidence

12

to support claims against these Defendants.  However, unless a plaintiff has stated a plausible claim for relief, Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Accordingly, because Plaintiff has failed to state a plausible claim to relief against these Defendants, he is not entitled to discovery from them.  However, in the process of conducting discovery against one of the remaining Defendants, it is possible that Plaintiff could uncover evidence that would support a plausible cause of action against one of the dismissed Defendants.  Should that happen, Plaintiff should have the opportunity to file, or re-file a claim, if he can do so within the bounds of Fed. R. Civ. P. 11.

## VI.

Dr. David Jenkins also argues that Magistrate Judge Newman erred in not recommending dismissal of the 42 U.S.C. § 1983 individual-capacity claim and the intentional infliction of emotional distress claim asserted against him.  Doc. #121.

### *§ 1983 Claim*

In order to recover under 42 U.S.C. § 1983, Plaintiff must prove that Dr. Jenkins, acting under color of state law, violated rights secured by the Constitution or laws of the United States.  *Green v. Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012).  As Magistrate Judge Newman noted, although Jenkins is a private physician, he may be deemed a "state actor" in certain circumstances, for example, if he "conspired with state officials to violate constitutional rights."

13

*Cooper v. Parish*, 203 F.3d 937, 952 n.2 (6th Cir. 2000). Magistrate Judge Newman found that Plaintiff's allegations were sufficient to state a plausible § 1983 claim against Dr. Jenkins. Doc. #118, PageID#1026.

Dr. Jenkins disagrees. He argues that Plaintiff's allegations that Officer Brian Lewis was present in the hospital room during certain medical treatments and diagnostic procedures are insufficient. Plaintiff also alleges that Dr. Jenkins failed to intervene when Officer Lewis physically assaulted him, and that Lewis asked Dr. Jenkins if he was sure that Plaintiff would remember nothing. At one point, after Lewis allegedly told Jenkins that he wanted Plaintiff dead, Jenkins gave Plaintiff an injection of Dilaudid. Lewis allegedly asked Jenkins to give Plaintiff even more drugs "because he wanted to watch plaintiff die," but Jenkins refused. Doc. #2, PageID##190-94.

Dr. Jenkins maintains that these allegations are insufficient to show that he acted at the behest of Officer Lewis or somehow conspired with him to violate Plaintiff's constitutional rights. The Court agrees. Even assuming that Plaintiff's allegations are true, they do not state a plausible conspiracy claim sufficient to subject Dr. Jenkins to liability under § 1983. The Court therefore SUSTAINS Dr. Jenkins' Objection and dismisses the § 1983 claim against him.

### *Intentional Infliction of Emotional Distress Claim*

Dr. Jenkins also argues that Magistrate Judge Newman erred in recommending that the Court overrule his motion to dismiss the intentional infliction of emotional distress claim asserted against him.

14

To succeed on this claim under Ohio law, Plaintiff must prove "(1) that the defendant intended to cause the plaintiff serious emotional distress, (2) that the defendant's conduct was extreme and outrageous, and (3) that the defendant's conduct was the proximate cause of plaintiff's serious emotional distress." *Phung v. Waste Mgt., Inc.*, 71 Ohio St. 3d 408, 410, 644 N.E.2d 286 (1994). Magistrate Judge Newman held that Plaintiff's allegation, that Dr. Jenkins maliciously inserted medical devices into Plaintiff's anus without his consent, stated a plausible claim of intentional infliction of emotional distress.

Dr. Jenkins argues that, regardless of whether Plaintiff consented, Plaintiff himself alleged that he was involuntarily admitted for emergency treatment and this was a "diagnostic procedure." Dr. Jenkins maintains that, under these circumstances, this routine medical procedure does not give rise to a claim of intentional infliction of emotional distress.

Other allegations in the Complaint, however, support Magistrate Judge Newman's recommendation. Plaintiff alleges that Dr. Jenkins "attempted to murder" him by giving him drugs that were contraindicated for persons with head injuries. He further alleges that Dr. Jenkins gave him ketamine and other drugs to impair his memory and instructed the nurse not to include these orders in his medical records. Jenkins allegedly failed to prevent Officer Lewis from physically assaulting Plaintiff at the hospital, and told Lewis that Plaintiff would remember nothing. He also allegedly told Lewis that Plaintiff would likely die and, even if he did not die, he would be in a coma or a vegetative state. According to Plaintiff,

15

Jenkins called him a "fat disgusting human who should kill himself" and told him that the nurses wanted Plaintiff to kiss them. Jenkins allegedly refused to allow Plaintiff to sleep until Plaintiff repeated several statements including that Dr. Jenkins was his friend, that Plaintiff would refer to himself as "Backbush," that he would kill himself, and that he was a junkie. Doc. #2, PageID##190-94.

On a Rule 12 motion, the Court must accept these allegations as true. As such, the Court finds that Magistrate Judge Newman did not err in recommending that the Court overrule Dr. Jenkins' motion to dismiss the intentional infliction of emotional distress claim. Plaintiff has stated a plausible claim for relief. Dr. Jenkins' Objection is therefore OVERRULED.


## VII.

Plaintiffs has also filed several Motions to Strike certain affirmative defenses. Having dismissed all claims against Dr. Levy and Dr. Wright with prejudice, the Court OVERRULES AS MOOT Plaintiffs' Motion to Strike the affirmative defenses asserted by these Defendants, Docs. ##43, 58.

Citing several typographical errors and allegedly incorrect statements of facts included in the KHN Defendants' Motion to Dismiss, Plaintiff moved to clarify said motion or to strike it under Fed. R. Civ. P. 12(e) and (f). Given that Rule 12 applies only to pleadings and not to motions, the Court OVERRULES Plaintiff's motion, Doc. #42.

Plaintiff also moved to strike affirmative defenses asserted in the Answer of Defendants Christopher McIntosh, M.D., Patience Leseuer, M.D. and Bobcat Emergency Physicians. He argues that those affirmative defenses, which contain no factual allegations, are insufficient to comply with Fed. R. Civ. P. 8. Doc. #57. The Court disagrees. Fed. R. Civ. P. 8(c) requires only that an affirmative defense be stated in general terms sufficient to give the plaintiff "fair notice of the nature of the defense." *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274). As the Sixth Circuit held in *King v. Taylor*, 694 F.3d 650 (6th Cir. 2012), a defendant need not lay out a detailed basis for a Rule 12(b) defense in its answer. "Details and arguments are what motions are for." *Id.* at 657. Accordingly, the Court OVERRULES Plaintiff's Motion to Strike Affirmative Defenses, Doc. #57.

## VIII.

For the reasons set forth above, the Court ADOPTS IN PART and REJECTS IN PART United States Magistrate Judge Newman's Report and Recommendations (Doc. #118). The Court SUSTAINS IN PART and OVERRULES IN PART the Objections of Defendants Kettering Health Network, Grandview Hospital, Dr. Archie D. Enoch, Dr. David Jenkins and Dr. Nicole K. Van Horne (Doc. #121). The Court SUSTAINS Plaintiff's Objections (Doc. #122), and OVERRULES Defendant Christopher McIntosh, M.D.'s Objections (Doc. #124). The Court SUSTAINS Dr.

McIntosh's Motion for Leave to File Objections to the Magistrate Judge's Report and Recommendations (Doc. #131), as previously filed at Doc. #124.

The Court:

1. SUSTAINS Defendants, City of Dayton, Chief Richard Biehl, Officer Andrew Lane, Joseph S. Wiley and Craig C. Wolfe's Partial Motion to Dismiss (Doc. #17);

2. SUSTAINS IN PART and OVERRULES IN PART the KHN Defendants' Motion to Dismiss (Doc. #30);

3. SUSTAINS the Motion to Dismiss of Defendants Ganesh Ghooray and Indiana Neuroscience Associates (Doc. #35);[3]

4. SUSTAINS IN PART and OVERRULES IN PART the Motion to Dismiss of Defendant Montgomery County Sheriff's Office Sergeant Brian Lewis (Docs. #36);

5. OVERRULES AS MOOT the Motion to Dismiss of Defendant Montgomery County Sheriff's Office Sergeant Brian Lewis to Plaintiff's Amended Complaint (Doc. # 56);[4]

---

[3]  In addition to the fact that Plaintiff fails to allege facts sufficient to state a plausible cause of action against Dr. Ghooray or Indiana Neuroscience Associates, it appears that the Court also lacks personal jurisdiction over these Defendants, an issue not addressed in the Report and Recommendations.

[4]  Although Plaintiff sought leave to file an Amended Complaint, he was never granted leave to do so.  Accordingly, the Amended Complaint was never filed.

6. SUSTAINS the Motion on Behalf of Defendants Erich Muckala, M.D., Joseph Blake, M.D., Kettering Network Radiologists Inc., Geoffrey Hahm, M.D., Scott West, D.O. and Jason Schofield, P.A. to Dismiss Plaintiff's Complaint (Doc. #51);

7. SUSTAINS IN PART and OVERRULES IN PART Defendants Christopher McIntosh, M.D., Patience Lesueur, M.D., and Bobcat Emergency Physicians, LLC's Motion for Judgment on the Pleadings (Doc. #61);[5]

8. SUSTAINS the Motion for Judgment on the Pleadings of Defendant Paul Levy, D.O. (Doc. #66);

9. SUSTAINS Defendant Robin A. Wright, M.D.'s Motion to Dismiss Plaintiff's Complaint (Doc. #68);

10. OVERRULES Plaintiff's Motion to Strike the KHN Defendants' Motion to Dismiss (Doc. #42);

11. OVERRULES AS MOOT Plaintiff's Motion to Strike the affirmative defenses asserted in the Answer of Defendant Paul M. Levy, D.O. (Doc. #43);

12. OVERRULES Plaintiff's Motion to Strike the affirmative defenses asserted in the Answer of Defendants Christopher McIntosh, M.D., Patience Lesueur, M.D., and Bobcat Emergency Physicians, LLC (Doc. #57); and

13. OVERRULES AS MOOT Plaintiff's Motion to Strike Affirmative Defenses asserted by Defendant Robin A. Wright, M.D. (Doc. #58).

---

[5]  Dr. McIntosh has filed a separate Motion for Judgment on the Pleadings based on failure to timely serve the Complaint.  Doc. #130.

The following Defendants are **DISMISSED** from the above-captioned action: City of Dayton; Chief Richard Biehl; Officer Andrew Lane; Duane Achtermaun, Amy Alexander, Clinton Ball, Andrew Brochu, Susan Bullard, Laura Campbell, L. Kathryn Campbell, Elizabeth Coriell, Loredel Corneja, Liz Conell, Lindsay Dye, Lindsey Elliott, Dr. Archie Enoch; Sidarth Goyal, Nicole Farrow, Geoffrey Hahm, Nancy Henne, Dr. Grant Huish, Rebecca Lewis, Michael McPheron, Mike McPheron, Enrique Medina, Jamie Peters, Michael Pillion, Shannon Ravine, Shelby Richardson, Dr. Michael Stafford, Curt Sulte, Jacinta Walker, Erin Williams; Ganesh Ghooray; Indiana Neuroscience Associates; Erich Muckala, M.D., Joseph Blake, M.D., Kettering Network Radiologists Inc., Geoffrey Hahm, M.D., Scott West, D.O.; Jason Schofield, P.A.; Patience Lesueur, M.D., Bobcat Emergency Physicians, LLC; Paul Levy, D.O.; and Robin A. Wright, M.D. Plaintiffs' claims against these Defendants are **DISMISSED WITHOUT PREJUDICE**.

All claims based on Ohio's criminal statutes are barred as a matter of law, and are **DISMISSED WITH PREJUDICE**.

At this juncture, the Court has overruled motions to dismiss the following claims: (1) medical claims asserted against doctors Christopher McIntosh, David Jenkins, Nicole Van Horne, Grandview Hospital and Kettering Health Network; (2) 42 U.S.C. § 1983 individual-capacity claims against Officer Brian Lewis, Joseph Wiley and Craig Wolfe; (3) intentional infliction of emotional distress claims against

Officer Brian Lewis, Joseph Wiley, Craig Wolfe and Dr. David Jenkins; (4) non-medical assault and battery claims against Lewis, Wiley and Wolfe.

Date: July 26, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE